Judge Buckner
delivered the opinion of the court.
Vandyke subscribed for fifty shares,in •the Farmers’ and Mechanics’ bank of Shelbyville; and it becoming necessary, according to the regula- *123 tons of the institution, for each stockholder to pay three-fifths of the amount of his subscription; he offered his endorsed note, dated 5th August, 1819% $3000, the sum required, to the bank for discount. The accommodation was obtained, and the proceeds, by his directions, applied to the payment of so much of his shares.
The note remaining unpaid, Hardin, Winlock and Tivis, commissioners appointed by the act of the legislature, to close the business of the bank, instituted suit upon it, and .recovered judgment for the- full amount, with interest and costs.
To be relieved against it, Vandyke filed his bill in chancery, and obtained an injunction. He alleges, that he had paid into bank the whole amount for which he had subscribed; that he had, moreover, at different times deposited therein, various sums, a-inounting, in the aggregate, to $11,018, of which he had withdrawn only $,1,364; leaving the remainder to his credit, and subject to his order, as would appear from the books of the institution; and that owing to the mismanagement and embezzlements of its-officers, its charter had been forfeited, and the business placed in the hands of Hardin, &c. whom he makes defendants; and who, having recovered judgment against him, were* endeavoring to coerce from him, the payment of $500, under the allegation that there had been a loss of ten per centum, to each stockholder, on the amount of his stock, &¿c. which., if true, was entirely the result of the mismanagement alluded to.
The defendants answered, denying that there was a cent due from the bank to the complainant, as a de-Sosit or otherwise. They exhibit a full account of le money deposited by him, whilst the' institution was in- operation, and of the money drawn by him oa checks; showing, that on the 28th of August,-1819, the account was closed, by a payment of his check, for $35 9-5cents,which was proved to be-in his handwriting; and that, with the other checks, was filed'. They deny that he had paid any portion of his sub-* scription, except the proceeds of the note, on which they had recovered the judgment enjoined; that there had been no part ©f that sum paid, and- insist, that a *124 loss 0f ten dollars on the amount of each share of” $100> had been sustained by the stockholders, most whom-had made payments accordingly. They therefore-insist, that'it is just, and necessary to enable them to pay the debts due by the institution, to-coerce from the complainant a payment of $5Q0, on the judgment obtairie&against him, with costs, interest, &C;
counted^-baukto pay for stock in. foundelon’ valid consul-eration, and the whole a-partmay be^ coerced, from stockholder, payBtheSdebts of the corporation;baler-ror,.when m junction has been panted against entire ‘law^o"dis-4 solve for more ryto n®°es8a' stockhoiders proportion of debts.
Upon a hearing of. the cause, the court'dissolved the injunction- with damages,.and dismissed the bill with costs, to reverse which,, Vandyke prosecutes this writ of error.
The allegation relied upon by the plaintiff in ei*-ror’ *n re¡a,'on to money deposited;by him, if it could-properly be considered as a ground for injunction, is-evidently without foundation. Checks were exhib-showing that the whole sum deposited had been Paid,.and, although a part of them may have been drawn by the gentleman of his own name, who seems-to-have been his partner in business, and by whom note, on which the judgment was obtained, w as-jointly executed with him; yet he does not pretend to urge, that the money had been drawn from bank w'th°at his authority, or that it had not been-appli-®d to his use. Besides, the last checkin his own hand-writing, for the sum then remaining on deposit,. an(j |,js not attempting thereafter to check for any . f ® ... J more, are circumstances entirely satisfactory- in relation to that ground.
The consideration of the note sued on, has not been, and certainly could not with propriety be, impeached; and the whole amount of the judgment recovered on it could be coerced, if necessery, to discharge the debts of the bank. Tha-t the bank was indebted, and a collection of a part of it was necessary to aid, in discharging those debts, are matters, not only undenied, but substantially admitted by the plaintiff in error, in his bill; for, he insists that the charter had been forfeited-, owing to the mismanagement and embezzlements of its officers. But the circuit court erred in dissolving the injunction, for the whole amount of the judgment, and giving damages on it. The defendants acknowledged, that the sum of ‡500, with interest, &c.. was as touch as was ne* *125 eessary for each1 stockholder to pay, to enable them to discarge the debts of the institution. Indeed, k> their answer, they only claim- that amount; was certainly improper to dissolve the injunctionfoi-moie than they claim. 2
Richardson and Benny, for plaintiff; Monroe, for defendants.
The decree must therefore be- reversed, áqü the cause remanded, that a decree may be entered' not inconsistent with this opinion.. .
Each party must pay his own costs in this court.'